Town of Clarendon *v.* Town of Weston, Appellant.

An admission by a party must be taken according to its terms; no presumption of a fact can be drawn from it, when the fact is expressly denied.

Appeal from an order of removal of Adaline Hall, *alias* Peabody, and her children.

The appellant pleaded that said Adaline was the lawful wife of one Samuel P. Hall, of said Clarendon, and was living with him as his wife at the time of the removal, and that they were the parents of the children removed. The appellee replied that said Adaline was not the lawful wife of said Samuel P. Hall, and, upon this, issue was joined to the court.

On trial the appellant offered in evidence a transcript from the records in the town clerk's office in Weston, setting forth that, on the 9th day of March, 1821, the said Adaline and Samuel went before a justice and "joined themselves in marriage," and the said Samuel, in presence of the justice, declared said Adaline "to be his lawful wife." To the admission of this the appellee objected. But

Clarendon *v.* Weston.

it was admitted that said Samuel and Adaline had "cohabited as husband and wife apparently, though not so in point of fact," from the time mentioned in the extract from the record, and were so living at the time the order of removal was made.

The court held that the "admissions of the parties" supported the issue on the part of the appellant, and rendered judgment accordingly.   Exceptions by appellee.

*S. H. & E. F. Hodges* for appellee.

*S. Fullam* for appellant.

The opinion of the court was delivered by

WILLIAMS, Ch. J.   The case, as it is now presented, is a very singular one, and the judge, who amended the bill of exceptions after it was drawn up and filed, must have done it inadvertently, without strictly noticing its effect on the other parts of the case.  It seems that the trial was had before the court, and the question was, whether there had been an actual marriage between Samuel P. Hall and Adaline Peabody.  A record of that marriage was offered in evidence, but it was neither admitted or rejected, and is therefore wholly out of the case.   Certain admissions were made, which, we learn from the other part of the case, were the admissions of the parties; and these were, in substance, that the parties had cohabited together, apparently as husband and wife, from the time mentioned in the extract from the records, though not so in fact.   The court, from these admissions, found and adjudged that they were husband and wife.   Now when it was admitted by both parties that they were not, in fact, married, it was clearly erroneous to find that they were.

There may be presumptive evidence of a fact, sufficient to warrant a court or jury in finding the fact.   An absence of a party seven years may afford evidence of his death.   Yet, if it can be established contrary to the presumption,—as that the party was actually alive,—no court or jury would be warranted in finding, from the presumptive evidence alone, any thing contrary to the actual fact.  Upon these admissions, the court was clearly wrong in finding a marriage, when it was admitted there was none.

The judgment of the county court is therefore reversed.